**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TYROLIA DEJUAN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 18-cv-2027-CM-TJJ |
| ) | |
| SAINT FRANCIS COMMUNITY ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff, proceeding *pro se,* filed this employment discrimination action under the Americans with Disabilities Act of 1990.[1] This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[2] For actions brought under the ADA, 42 U.S.C. § 12117(a)—by reference to 42 U.S.C. § 2000e–5(f)(1)—provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[3]

---

[1] 42 U.S.C. §§ 12101 *et seq*.

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.") (emphasis added).

[3] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-cv-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

The Tenth Circuit has identified the following relevant factors for evaluating motions for the appointment of counsel in such cases: "(1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel, and (3) meritorious allegations of discrimination."[4]  In addition, a fourth factor, "plaintiff's capacity to present the case without counsel" should be considered in close cases as an aid in exercising discretion.[5]  The court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[6]

In this case, the undersigned Magistrate Judge has recommended the presiding District Judge deny Plaintiff's motion to proceed *in forma pauperis* on the ground that Plaintiff's monthly income exceeds his expenses.[7]  Whether Plaintiff is able to afford counsel is a relevant consideration with respect to appointing counsel, and the Court finds Plaintiff has not demonstrated that he lacks the financial ability to retain an attorney.

In addition, a review of the motion reveals that Plaintiff consulted with three attorneys regarding legal representation before filing his motion.  As Plaintiff was informed by the form motion provided by the clerk, an individual typically must confer with at least five attorneys

---

[4] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[5] *Id.*

[6] *Id*.

[7] *See* ECF No. 5.

before seeking appointed counsel.  The Court therefore finds that Plaintiff has not made an affirmative showing he made reasonable efforts or attempts to secure counsel prior to filing his motion for appointment of counsel.

Finally, the Court finds that Plaintiff appears able to adequately communicate to the Court the pertinent facts giving rise to his claims.  Plaintiff appears to have used the employment discrimination forms provided by this Court to assist him in preparing his Complaint, and he preceded this action by filing an administrative charge of discrimination.  This case asserts claims against a single defendant.  Given the liberal standards governing pro se litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff, who is proceeding pro se.

Dated in Kansas City, Kansas, this 31st day of January, 2018.

Teresa J. James
U. S. Magistrate Judge