**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TYROLIA DEJUAN WILSON,

    **Plaintiff,**

    v.

SAINT FRANCIS COMMUNITY SERVICES,

    **Defendant.**

Case No. 18-2027

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Saint Francis Community Service's Motion to Dismiss (Doc. 15) and plaintiff Tyrolia DeJuan Wilson's Motion for Default Judgment (Doc. 20). For the reasons explained below, defendant's motion is granted and plaintiff's is denied.

    **I.    Background**

        **A.  Plaintiff's Claims**

Plaintiff filed this case on January 18, 2018, on the court's employment discrimination complaint form. Plaintiff claims that defendant violated the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101–12213, by committing a violation under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Public Law 104-191, retaliating against him, and harassing him, all based on his disability.

Plaintiff claims that between June and October 2016, defendant failed to give him a company-wide pay raise and placed him on leave with no pay because of his disability—cervical stenosis and cluster migraines. Plaintiff also checked boxes on the form stating that defendant: terminated his employment; failed to promote him; failed to accommodate his disability; treated him differently from similarly situated employees; retaliated against him; harassed him; and reduced his wages.

Plaintiff described the facts of his case as:

> Upon hire in April 2016 I reported I was a disabled full-time student and needed reasonable accommodations. I was offered an exempt position working 32 hours weekly with full benefits. I was terminated due to management misplacing important records but told I could return when I retrieved new documentation. I returned to work in 6 weeks. I continued to struggle with my disability but met work requirements. I reported that I was being harassed by lead counselor to HR and 2 other managers. I refused to work 6 days weekly and was then placed on an attendance contract to work 40 hours. I was denied proper raise that all other employees received. HR suspended me without pay and attempted to deny my FMLA. HIPPA violation (reproduced medical records).

(Doc. 1, at 3–4.) Plaintiff claims that defendant denied his request for a reasonable accommodation by ignoring documentation of plaintiff's condition that recommended frequent breaks and no heavy lifting, and by trying to deny plaintiff his Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601–2654, leave.

Plaintiff's complaint states that he received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and he attached the letter. Plaintiff says that his administrative action complained of the same conduct described in this case. At the time plaintiff filed his complaint he also checked the boxes indicating he was still working for defendant and the conduct complained of was ongoing. Plaintiff seeks a pay raise and back pay, $100,000 in monetary damages, costs and fees.

### B. Procedural Issues

On July 24, 2018, defendant filed a motion to dismiss plaintiff's HIPPA claims. Plaintiff failed to timely respond, so the court entered an order requiring plaintiff to show cause why his HIPPA claims should not be dismissed as unopposed on August 15, 2018 (Doc. 19). On August 24, 2018, plaintiff responded to the court's order, but provided no explanation for his failure to timely respond to defendant's motion. Instead he made a short response to the motion, which will be discussed below. Plaintiff's response to the order to show cause is insufficient; it does not explain his failure to timely

respond. The court could therefore treat the motion to dismiss as unopposed. However, because plaintiff proceeds pro se, the court will consider plaintiff's response to the Motion to Dismiss.

Additionally, on August 1, 2018, Magistrate Judge Teresa J. James entered a Notice and Order to Show Cause (Doc. 18) requiring plaintiff to either (1) move for entry of default on all claims except the HIPPA claims, or (2) show cause why all claims except the HIPPA claims should not be dismissed for lack of prosecution. Plaintiff responded to the court's order on August 16, 2018, by filing a Motion for Default Judgment. (Doc. 20.) The court will accept plaintiff's motion as sufficient response to the court's order.

**II. Discussion**

**A. Legal Standard For Pro Se Litigants**

When a plaintiff proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where a plaintiff proceeds pro se, the court construes her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

**B. Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

*Legal Standard*

The court will grant a motion to dismiss under Fed. R. of Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth

entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

*Plaintiff Fails To State A HIPPA Claim*

Defendant moves to dismiss plaintiff's HIPPA claims, because it argues that there is no private cause of action under HIPPA. Plaintiff's untimely response does not cite any legal authority for allowing him to maintain a private cause of action under HIPPA. Instead, the response describes an entirely new factual basis for his proposed HIPPA claim that was not included in the complaint. The factual scenario plaintiff describes was absent from the complaint and related to plaintiff's decision to have private medical records faxed to his place of employment. The only mention of HIPPA in the complaint was "HIPPA violation (reproduced medical records)."

Courts in this District have repeatedly held that HIPPA provides no private cause of action. *See, e.g.*, *Leiser v. Moore*, No. 16-4110-DDC-KGS, 2017 WL 4099469, at *6 (D. Kan. Sept. 15, 2017) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1269 n.4 (10th Cir. 2010)). Plaintiff provides no legal authority to the contrary. Even if plaintiff had so argued, the factual basis for his claim was not included in the complaint and therefore could not have provided a basis for relief. Although the court sometimes allows leave to amend a complaint at this stage of the litigation, it will not do so for plaintiff's HIPPA claims, because such an amendment would be futile. Defendant's Motion to Dismiss is therefore granted. All HIPPA claims are dismissed.

**C. Plaintiff's Motion For Default Judgment Under Fed. R. Civ. P. 55**

*Legal Standard*

Fed. R. Civ. P. 55 governs default and default judgments. Rule 55 requires a party seeking default judgment to follow a two-step process. *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011). First, the party seeking default must apply to the clerk for an entry of default against the opposing party for failure to plead or otherwise defend under Rule 55(a). Only once a clerk's entry of default is entered may the party file a motion for default judgment under Rule 55(b).

*Default Is Not Appropriate At This Time*

Plaintiff seeks default judgment because defendant only moved to dismiss some claims in plaintiff's complaint and failed to answer or otherwise respond to the remaining claims. Because no clerk's entry of default has been entered in this case, the court interprets plaintiff's Motion for Default Judgment (Doc. 20) as a motion for clerk's entry of default under Fed. R. Civ. P. 55(a).

Fed. R. Civ. P. 12 provides that a defendant must answer within 21 days of being served with the summons and complaint or file a motion under Rule 12(b). Rule 12(a)(4) explains the effect of filing a 12(b) motion—generally, a responsive pleading is not due until 14 days after the court rules on the motion. The rule does not address whether a defendant must respond to claims within the normal 21-day responsive period if it does not seek to dismiss those claims.

There seems to be some disagreement among courts on this issue. *See Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E. D. Mich. 1978) (explaining that a defendant should respond to claims that are not subject to a motion to dismiss, because "[s]eparate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged. . ."). *But see Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485 (E.D. Wis. 1991) (disagreeing in part because "the *Gerlach* approach has significant disadvantages. It

requires duplicative sets of pleadings in the event that the 12(b) motion is denied and causes confusion over the proper scope of discovery during the motion's pendency." (citing 5A. C. Wright A. Miller, *Federal Practice and Procedure* § 1346 at 181 (1990))).

Because the court decided defendant's motion to dismiss, it need not decide whether a responsive pleading was required for all claims that were not subject to the motion to dismiss. The court's resolution of the motion to dismiss will trigger a new deadline for defendant's responsive pleading on all remaining claims.

In any event, defendant has shown sufficient cause to avoid a clerk's entry of default. Defendant's conduct was not culpable; any slight delay in the progress of the case will not prejudice plaintiff; and the court generally prefers to resolve cases on their merits rather than by default judgments. *See Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). Plaintiff's motion for a clerk's entry of default is therefore denied.

**IT IS THEREFORE ORDERED** that defendant Saint Francis Community Service's Motion to Dismiss (Doc. 15) is granted.

**IT IS FURTHER ORDERED** that plaintiff Tyrolia DeJuan Wilson's Motion for Default Judgment (Doc. 20) is denied.

Dated September 14, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**