IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYROLIA DEJUAN WILSON,                )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )   Case No. 18-2027-CM
                                      )
SAINT FRANCIS MINISTRIES, INC.,       )
                                      )
            Defendant.                )
                                      )

**PRETRIAL ORDER**

An in-person pretrial conference was conducted in this case on May 21, 2019, by U.S. Magistrate Judge Teresa J. James. The plaintiff, Tyrolia Wilson, appeared *pro se*. The defendant, Saint Francis Ministries, Inc., appeared through counsel, Gregory P. Goheen of McAnany, Van Cleave & Phillips, PA.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(b).

**1)   PRELIMINARY MATTERS.**

   **a)   Subject-Matter Jurisdiction.** Subject-matter jurisdiction is invoked by Plaintiff under 28 U.S.C. § 1331 and 42 U.S.C. § 1201-12213 and is not disputed by Defendant except to the extent Plaintiff is seeking to pursue claims beyond those set forth in his Charge of Discrimination filed with the Equal Employment Opportunity

1

Commission ("EEOC") or to recover damages for injuries compensable under the Kansas Workers' Compensation Act as alleged in his request for relief. Complaint (ECF No 1), pp. 4-5.

    **b)**    **Personal Jurisdiction.**  The court's personal jurisdiction over the parties is not disputed.

    **c)**    **Venue.**  Venue in this court is not disputed.

    **d)**    **Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law:

Plaintiff's claims are governed by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*

**2)**    **STIPULATIONS.**

    **a)**    The following facts are stipulated:

        1. Plaintiff filed his Complaint on January 18, 2018.

        2. Both parties agree that Plaintiff is disabled.

        3. Due to Plaintiff's disability, he cannot perform the essential functions of his job.

        4. Plaintiff has been unable to work since at least November 26, 2018, as specified in his application for short term disability.

        5. Plaintiff's disability prevents him from being able to work and fulfill the duties of his job with Defendant at this time.

      6. Plaintiff is unable to perform the duties of his job with Defendant with or without accommodation, and does not know when he will be able to in the future.

      7. Plaintiff began his employment with Defendant on or about July 14, 2016 in the position of an alcohol and drug counselor.

      8. Plaintiff remains employed by Defendant.

      9. Plaintiff received short-term disability benefits for the period from November 2018 to February 2019.

      10. Plaintiff applied for long-term disability benefits.

**b)** It is stipulated by the parties that, for purposes of any summary judgment motions and trial, all exhibits marked and/or used during depositions taken in this matter and all documents produced in discovery in this matter meet the standards for foundation and authenticity and that copies may be used in lieu of originals. The parties have stipulated to the admissibility of the following exhibits for purposes of summary judgment and trial:

    1. July 21, 2017 email communications with Plaintiff regarding Experience (Depo. Ex. 4)

    2. Saint Francis Community Services Compensation Program Overview (Depo Ex. 5)

    3. March 23, 2017 Performance Improvement Plan (D000327-D000330) (Depo. Ex. 6)

    4. November 27, 2016 Salary Information and History (D00318-D00319) (Depo. Ex. 7)

5. July 7, 2017 Disciplinary Action Form (D000331-D000332) (Depo Ex. 8)

6. February 8, 2019 letter regarding short term disability claim (Depo. Ex. 10)

7. June 25, 2017 Salary Information and History (D000320-D000321) (Depo Ex. 12)

8. June 24, 2018 Salary Information and History (D000322-D000323) (Depo Ex. 13)

9. Family and Medical Leave Act Tracking Sheet (D000285-D000293) (Depo. Ex. 15)

10. August 25, 2017 email communications regarding Intermittent FMLA tracking (Depo. Ex. 16)

11. Plaintiff's employment records (D000128-D000284) (D000333-D000514)

12. Defendant's Amended and Restated Articles of Incorporation (D000042-D000047)

13. Defendant's Bylaws (D000048-D000064)

14. Plaintiff's Family and Medical Leave Act Tracking Records (D000285-D000317)

15. Relevant emails that have been produced in this case regarding Plaintiff's employment

16. Plaintiff's FMLA documentation

17. Plaintiff's Short- and Long-Term disability applications

18. Records of Plaintiff's Short-Term disability payments produced by Plaintiff April 24, 2019

The parties reserve their rights to object to the admissibility at trial of any or all other exhibits on any other grounds, including without limitation, relevance, hearsay,

materiality, prejudice, confusion, duplication, waste of time, improper character evidence, privilege, improper lay opinion, lack of personal knowledge, and/or competency.

3) **FACTUAL CONTENTIONS.**

   a) **Contentions of Plaintiff.**

Employer did not provide reasonable accommodation, modification, or adjustment to a job or the work environment that enabled employee with a disability to perform essential job functions.

Employer unlawfully retaliated against employee for:

Declining to alter schedule from 5 days to 6 days a week (in effort of accommodation for disability).

Filing an EEOC charge, complaint, investigation or lawsuit.

Communicating with a supervisor or manager about employment discrimination, including harassment.

Requesting reasonable accommodation of a disability.

Asking managers or co-workers about salary information to uncover potentially discriminatory wages.

Filing Workers' Compensation claim.

Filing for FMLA Intermittent paperwork.

Employer also:

Reprimanded the employee unjustly and gave a performance evaluation that was lower than should be.

Failed to give employee correct wages/raise.

Gave the employee less desirable duties.

Engaged in verbal abuse.

Increased scrutiny.

Spread false rumors.

Made the employee's work more difficult.

Purposefully changed employee work schedule to conflict with other responsibilities.

Employee constantly harassed due to disability.

Employee had to endure the offensive conduct in order to continue employment.

The conduct was severe enough to create a work environment that a reasonable person would consider intimidating, hostile and abusive.

Employee experienced harassment in retaliation for reporting harassment to Human Resources.

Employee experienced harassment in retaliation for filing FMLA and Workers' Compensation.

The offensive conduct includes, but is not limited to, offensive jokes, threats, intimidation, ridicule or mockery, insults or put-downs, and interference with work performance.

The employer did not reasonably try to prevent or promptly correct the harassing behavior.

The employer unreasonably failed to provide any preventive opportunities.

The supervisor refused to effectively train employee.

The harassment by supervisor resulted in a negative employment action such as failure to promote and loss of wages.

Employee felt targeted on a day to day basis.

**b)** **Contentions of Defendant.**

Defendant is an independent Kansas not-for-profit organization dedicated to the protection, nurturing, and healing of children and families in body, mind, and spirit. Defendant maintains policies, procedures and an employee handbook which prohibit, *inter alia*, discrimination and harassment on the basis of a disability in the workplace, and retaliation against any employee who reports or complains of such discrimination or harassment and promulgates these policies and procedures to its employees. It is the policy of Defendant not to discriminate against qualified individuals with disabilities, or retaliate against any employee for seeking leave or reasonable accommodation. Defendant provides reasonable accommodation to qualified, disabled employees upon request and where any potential accommodation does not cause undue hardship. Defendant maintains a process for requesting reasonable accommodation and the interactive process. Defendant maintains a reasonable accommodation form through its human resources department. Defendant's policies and procedures provide for both informal and formal complaint procedures.

Defendant is bound by its policies against discrimination, harassment and retaliation. Defendant denies it took any action against Defendant because of his disability,

7

perceived disability, any request for accommodation, or in retaliation for any complaint he made concerning his disability or any form of discrimination or harassment. Defendant further asserts that, assuming *arguendo* Plaintiff's disability, request for accommodation or any complaint he made concerning disability discrimination or harassment was considered in taking any adverse employment action against him (which is denied), Defendant would still have taken those actions for legitimate non-discriminatory and non-retaliatory business reasons.

Defendant was provided all raises to which he was entitled under Defendant's policies and procedures, and Plaintiff was not unlawfully denied any reasonable accommodation (to the extent actually requested by Plaintiff). Defendant has, at all times, acted in good faith, without fraud or malice, without discriminatory intent, and for legitimate nondiscriminatory reasons.

**4)   LEGAL CLAIMS AND DEFENSES.**

    **a)   Legal Claims of Plaintiff.**

Plaintiff asserts that he is entitled to recover upon the following theories:

1. Americans with Disabilities Act (emotional distress, lost wages, punitive damages, back pay and future pay).

2. Retaliation (emotional distress, lost wages, punitive damages, back pay and future pay).

3. Harassment (emotional distress, lost wages, punitive damages, back pay and future pay).

4. HIPAA claim was dismissed.

b)     **Defenses of Defendant.**

Defendant asserts the following defenses:

1.  Plaintiff's Complaint, or parts thereof, fails to state a claim upon which relief can be granted.

2.  This Court lacks subject matter jurisdiction over Plaintiff's claims.

3.  Plaintiff lacks standing.

4.  Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

5.  Plaintiff's claims under the ADA, if any, are limited to the claims set forth in his EEOC charge.

6.  Plaintiff's claims are barred, in whole or in part, by the 1st Amendment to the U.S. Constitution which deprives this Court of jurisdiction over Plaintiff's claims.

7.  Plaintiff is not a qualified individual with a disability as defined by federal law.

8.  The actions of Defendant were taken for legitimate non-discriminatory and non-retaliatory reasons, in the exercise of its business judgment, and, assuming *arguendo* that either his disability and/or complaints about disability discrimination was a consideration, which is denied,

would have still been taken based on those other factors.

9. Plaintiff has failed to properly mitigate his damages, if any.

10. Plaintiff's damages, if any, are limited, in whole or in part, by the Civil Rights Act of 1991 (42 U.S.C. § 1981a) and any other applicable damage caps.

11. Plaintiff's claims for back pay, if any, must be offset by his interim or imputed earnings.

12. Defendant (a) exercised reasonable care to prevent and correct promptly any alleged discrimination or retaliation; and (b) plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

13. Defendant has, at all times, acted in good faith, without fraud or malice, without discriminatory intent, and for legitimate nondiscriminatory reasons.

14. To the extent Plaintiff is seeking to pursue damages for alleged injuries covered by workers' compensation as indicated in his request for relief, Complaint, pp. 4-5 (ECF No. 1), this Court lacks jurisdiction over such claim as his exclusive remedy lies in the procedures afforded by the Kansas Workers' Compensation Act.

15. This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including reasonable attorney's fees, incurred in defending this action.

## 5) DAMAGES AND NON-MONETARY RELIEF REQUESTED.

A. Emotional Distress ($300,000)
B. Future Wages ($230,000)
C. Lost Wages ($35,000) +
D. Defendant should clearly communicate to employees that unwelcome harassing conduct will not be tolerated. They should do this by establishing an effective complaint or grievance process, providing anti-harassment training to their managers and employees, and take immediate and appropriate action when an employee complains. Defendant should strive to create an environment n which employees feel free to raise concerns and are confident that those concerns will be addressed.

## 6) AMENDMENTS TO PLEADINGS.

None.

## 7) DISCOVERY.

Discovery is complete. Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or other pretrial preparations. Although discovery may be conducted beyond the deadline for completion of discovery _if_ all parties are in agreement to do so, under these circumstances the court will _not_ be available to resolve any disputes that arise during the course of such extended discovery.

**8) MOTIONS.**

    **a) Pending Motions.**

        None.

    **b) Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

Plaintiff intends to file the following motions:

1. Motion to request information regarding the payrate of the counselors working in Fatherhood Program and accurate information of the raises and/or bonuses that Plaintiff was entitled to.

    The Court advised that it would not enforce additional discovery in this matter as discovery is closed.

Defendant intends to file the following motions:

1. Motion for Summary Judgment

2. Motions in Limine

The dispositive-motion deadline, as established in the scheduling order and any amendments, is **May 31, 2019.**

The parties should follow the summary-judgment guidelines available on the court's website:

http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent an order of the court.

        c)       **Motions Regarding Expert Testimony.**

        Not applicable.

**9)**    **TRIAL.**

The trial docket setting, as established in the scheduling order and any amendments, is **January 6, 2020 at 9:00 a.m., in Kansas City, Kansas.** This case will be tried by jury. Trial is expected to take approximately 3 days. The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial. If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge will convene another pretrial conference to discuss, among other things, the setting of deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions *in limine*, and proposed instructions in jury trials.

IT IS SO ORDERED.

Dated this 21st day of May, 2019 at Kansas City, Kansas.

                                                        Teresa J. James
                                                        U. S. Magistrate Judge